No. 13,068.

KELLY-GOODFELLOW SHOE COMPANY VS. BEN. K. FLUKER ET AL., CERTI-
FIED FROM THE COURT OF APPEALS, SECOND CIRCUIT, BY THE JUDGES.
THEREOF APPLYING FOR INSTRUCTIONS.

### SYLLABUS.

The expiration of the period for which a respite has been granted, authorizes
parties whose right of action has been stayed by the order of respite, and
whose claims have not been paid, to proceed separately in their individual
behalf against their debtor. There is no obligation or duty on their part to
force him to a *cessio bonorum.*

*Stubbs & Russell* for Plaintiff.

*E. T. Lamkin* and *W. F. Millsaps* for Defendants.

Submitted January 23, 1899.
Opinion handed down February 6, 1899.

The opinion of the court was delivered by
NICHOLLS, C. J.   The judges of the Court of Appeals for the Second
Circuit have submitted to this court, for its opinion, under Article 101
of the Constitution, the following question of law, the determination
of which they declare is necessary and proper for a decision by the
Court of Appeals, of the case of the Kelly-Goodfellow Shoe Company
vs. Ben. K. Fluker *et al.,* pending before it on appeal.

"After the full term of a respite has elapsed, and no payments have
been made by the debtor, can a creditor who participated in the
meeting of creditors, and voted for the respite, proceed against the
debtor by direct action for the recovery of his debt alone without first
resorting to judicial process to annul or vacate the judgment homolo-
gating the proceedings of the creditors, or proceeding to force a *cessio
bonorum?*"

They state that the question arose under the following facts:

The defendant, Ben. K. Fluker, in March, 1895, was granted a
respite for three years for the payment of his debts.   The judgment

homologating the proceedings of the creditors was signed March 2, 1896, and the terms of the respite were that the debts should be paid in three equal annual installments from that date.

The plaintiffs were creditors, participated in the proceedings and voted for the respite. The respited debtor failed to pay any part of plaintiffs' claim during the term of the respite, and on October 25, 1898, the plaintiffs brought an ordinary action against him to recover the same, coupling an attachment thereto.

The defendant, Fluker, pleaded the respite in bar of the suit, alleging that the judgment of March 2, 1895, had never been revoked or annulled, but was still in full force and effect, and therefore the suit ought not to be entertained.

The district judge, in a written opinion filed in the cause, while maintaining that the plea should be overruled, yet maintained it contrary to his own views, because the Court of Appeals for the First Circuit, in the First Circuit, in the case of Mrs. M. L. Bennett vs. Meredith, Sheriff, decided by that court in October, 1896, in the parish of Caldwell, maintained an injunction presenting the same issue.

The judges of the Court of Appeals for the Second Circuit, in their application, state that they differed from the views expressed in that case, and thought that the respite presented no bar to plaintiffs' suit, because the period for which it was granted has expired, and submitted the question to the Supreme Court in the interest of uniformity in the jurisprudence of the State for a proper decision of the cause.

We know of no legal reason why individual creditors, whose action has been stayed by an order of respite, may not proceed at once after the expiration of the delay fixed by the order to enforce their rights (if not then satisfied) by ordinary proceedings as if the respite had not been granted.

We have, on several occasions, declared, while the respite was still in force, individual creditors would not be permitted to institute suits in their separate interest under and through which the property of the debtor, the common pledge of the creditors, should be appropriated to their own particular benefit. That the order for the respite, and the respite proceedings themselves, could not be ignored by direct action of individual creditors, acting exclusively in their own behalf, even though the debtor may have failed to have carried out the duties

imposed upon him by the respite. That their remedy was either to proceed contradictorily with the debtor and all the creditors to have the respite set aside, or to take action such as would enure to the benefit of all the creditors. Without intimating under what circumstances and by what method it should or could be done, we intimated that a forced *cessio bonorum* would be the action of that character. The expiration of the time granted for the respite carries with it *ipso facto* a complete change in the attitude of the creditors towards the debtor and relatively to each other. Separate action for individual benefit, prosecuted during the respite, would enable particular creditors to utilize the respite proceedings for their own good to the prejudice of the others resting upon them in security, and to take advantage of facts known only to themselves and possibly coming to that knowledge by collusion with the debtor. All parties, however, are equally advised as to the extent of the delay granted, and when it does expire all stand upon an equality as to freedom of action. In Anderson vs. Duson, 35 An. 917, and Vicksburg Liquor Company vs. Jefferies, 45 An. 630, and other later cases speaking of the order of respite, we said: "The effect of the order was to create a judicial contract between the debtor and all his creditors by which the debtor was allowed a delay for the payment of the sum which he owed them, and that this contract gave rise to reciprocal obligations not only as between each creditor and the debtor, but between each creditor and all the others, which obligations they were bound to respect," but the courts are not authorized to broaden the effect of these obligations beyond the exact terms of the contract between the parties. Article 3084 defines a respite to be an act by which a debtor, who is unable to satisfy his debts at the moment, transacts with his creditors and obtains from them time or delay for the payment of the sums which he owes them, and Article 3085 the voluntary respite as being that when all the creditors consent to the proposal which the debtor makes to pay in a limited time the whole or a part of his debt. The forced respite is declared to be that when a part of the creditors refuse to accept the debtor's proposal, and when the latter is obliged to compel them, by judicial authority, to consent to what the others have determined in the cases directed by law. Though differing from each other in the respects stated, voluntary and forced respite are identical as being contracts limited in their scope and effect to a limited period fixed and defined—terminating *ipso facto* by expiration of this time.

Article 3096 declares that the time allowed to a debtor in a forced respite can not exceed three years, and if the majority of the creditors· in number and amount have granted him more time, the creditors who are opposed to the respite may cause this delay to be reduced to the legal time, saving to the debtor the right when it shall be expired to call these creditors again in order to obtain a new delay which, in the last case, shall be granted only if all these creditors unanimously consent to it.

It is obvious that the restriction upon the action of creditors is limited to the period fixed in the order of respite, and that the contract of respite terminating *ipso facto* by expiration of time, all parties are released from the restrictions imposed by it, and fall back upon their original rights which have remained all the time intact and unimpaired, though temporarily held in abeyance (St. Louis National Bank vs. Block, 44 An. 893).

From that time forward the various creditors owe no duty to each other, and none to the debtor under the respite. Individual creditors,. by placing themselves in the situation which would authorize them to· exact a *cessio bonorum*, may have recourse to that remedy, but they are under no legal obligation or duty to do so. Act No. 133 of 1888, if it applies at all to proceedings to be taken after the expiration of the respite delay, is permissive, not mandatory.

The objections urged in this case are not advanced by à creditor, but by the debtor himself in his own interest. His pretensions are utterly without foundation (Dyson vs. Brandt, 9 M. 498.) If he desires to make a voluntary surrender, he is at liberty to make an application to the court to that end, but he can neither gain additional time under the respite, nor force his creditors to throw him into a surrender under a supposed right which he holds against them to do· so. The right to force a surrender upon the debtor is a right held by creditors adversely to their debtor, and not one which the debtor can coerce them into exercising.

We answer in the affirmative the question submitted to us herein.

The decision of the Court of Appeals for the First Circuit in the· case of Mrs. M. L. Bennett vs. Meredith, Sheriff, referred to by the judges of the Second Circuit, is erroneous, and should not be followed.